381 A.2d 1305

COMMONWEALTH of Pennsylvania, Appellee,

v.

Bodenheimer Lee SHELHORSE, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 8, 1976.

Decided Dec. 28, 1977.

476

William F. Cercone, Jr., Pittsburgh, for appellant.

Kim W. Riester, Assistant District Attorney, Pittsburgh, with him Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence under the Controlled Substance, Drug, Device and Cosmetic Act, Act

of April 14, 1972, P.L. 233, No. 64, § 1 *et seq.*, 35 P.S. § 780–101 *et seq.*

Appellant, an osteopathic physician, was the subject of an undercover investigation; on nineteen occasions between November 13, 1972, and September 13, 1973, police officers visited his office and obtained prescriptions for controlled substances. This investigation culminated in a search of appellant's office during which appellant's file box of patient information cards was seized. Appellant was charged with dispensing controlled substances without proper physical examinations, in violation of § 780–113(a)(14) of the above Act.[1] He was tried on the charge, but the trial ended when the court granted appellant's demurrer on the ground that the evidence was insufficient. The Commonwealth then initiated this prosecution, charging appellant with violation of §§ 780–113(a)(21) and 113(a)(28) of the Act, which require the keeping of certain records.[2] No new investigation was made, the Commonwealth introducing into evidence against appellant the same patient information cards seized in the earlier search of his office.

Appellant was fined $1000 and placed on probation for six months for violating § 780–113(a)(21), and fined $2000 and

1. This section prohibits:
    (14) The administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner or professional assistant under the practitioner's direction and supervision unless done (i) in good faith in the course of his professional practice; (ii) within the scope of the patient relationship; (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession.

2. These sections of 35 P.S. § 780–113(a) prohibit:
    (21) The refusal or failure to make, keep or furnish any record, notification, order form, statement, invoice or information required under this act.

    . . . . .

    (28) The furnishing of false or fraudulent material information in, or omission of any material information from any application, report, or other document required to be kept or filed under this act, or any record required to be kept by this act.

placed on probation for two years, consecutive to the first probationary period, for violating § 780–113(a)(28).

### 1a

Appellant argues that the second prosecution was a violation of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand*, 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), and of the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 110, under which certain prosecutions are barred by prior prosecutions for a different offense.

*Campana, supra*, parallels the Double Jeopardy Clause, which reads, "[N]or shall any persons be subject for the offense to be twice put in jeopardy of life or limb." The clause serves at least two purposes. First, it ensures that "the State with all its resources and power [will] not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . . ." *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). Second, the Clause "responds as well to the increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience." *Ashe v. Swenson*, 397 U.S. 436, 454, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469 (1970).

Following the first *Campana* opinion, the legislature passed § 110 of the Crimes Code, *supra*. Section 110, the Supreme Court said in the second *Campana* opinion, comports with *Campana*. It provides:

> *§ 110. When prosecution barred by former prosecution for different offense*
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is

based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title[3] (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of

---

**3.** Section 109 says there is an "acquittal" if the prosecution resulted in "a finding of not guilty by the trier of fact *or in a determination that there was insufficient evidence to warrant a conviction*" (emphasis supplied).

this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

Section 110 is a cumbersome statute. When we apply it to a case like appellant's—in which the defendant prevailed on a demurrer to the evidence in a prior prosecution—an initial problem is which subsection of § 110 to apply. At first glance, subsections (1) and (2) appear possible. The answer is found in the structure of the section when it is read as a whole, for it appears that each of the three subsections is concerned with a different aspect of the double jeopardy problem.

Section 110(1) is concerned to protect a defendant from being subjected to the embarrassment, expense, and ordeal that arise from repeated attempts to convict him. *See Green v. United States, supra.* Thus, this section protects a defendant even if he was convicted in the former prosecution.

Section 110(2) is concerned only with the problem of collateral estoppel explored in *Ashe v. Swenson, supra,* which held that where a former prosecution necessarily established an ultimate fact in favor of a defendant, a subsequent prosecution depending upon a contrary finding was barred.[4] This subsection, therefore, has no pertinence to the present case.

Section 110(3) is closely related, and in the nature of a corollary, to Section 110(1); it protects a defendant from the oppression that arises from re-prosecuting him when a former prosecution has been improperly terminated.

4. In *Commonwealth v. Peluso,* 240 Pa.Super. 330, 361 A.2d 852 (1976), HOFFMAN, J., in a dissenting opinion joined by SPAETH, J., noted that the granting of a demurrer to the evidence was being examined under § 110(2), *id.* 240 Pa.Super. at 343 n. 5, 361 A.2d at 859 n. 5; but the question that case dealt with was one of collateral estoppel and therefore rightly the subject of § 110(2).

■ Since each subsection of § 110 concerns a different injustice, there is no reason why any given case must be tested under one and only one subsection. For example: suppose a defendant accused of assaulting two persons and stealing their car. (This would be a single criminal episode under *Commonwealth v. Campana, supra.*) The policies underlying double jeopardy theory—both protection of a defendant from harassment and conservation of judicial resources—dictate that the two assaults and the car theft be tried together (although, to be sure, it may nevertheless be appropriate for the court to order separate trials). Yet suppose that the defendant is only tried for one assault, and that he demurs to the evidence and the demurrer is granted. He will be released unconvicted, but unless subsection (1) is applied, he could still be tried for the car theft, and presumably, if another demurrer is granted, be tried a third time for the other assault, even though *if he had been convicted at the first trial,* the later prosecutions would have been barred. To protect defendants from such an unreasonable anomaly, a demurrer to the evidence must be scrutinized under § 110(1), whether or not it might be appropriate in another case also to scrutinize it under § 110(2). Indeed, this conclusion necessarily follows from the fact that the second *Campana* opinion said that § 110 comported with *Campana* and its embodiment of double jeopardy theory.

### 1b

■ After placing appellant's case within § 110(1), however, we conclude that he is not entitled to discharge. To win discharge under § 110(1), appellant would have to prove that his offenses—prescribing drugs without a physical examination and failing to keep the proper records—were "based on the same conduct or ar[ose] from the same criminal episode . . . ." § 110(1)(ii). If it were clear that the basis of the present prosecution was that appellant had illegally prescribed drugs to *given patients* and then had concealed the illegality of *those prescriptions* by failing to keep proper records, that should be considered "the same

criminal episode." More specifically: If the only evidence introduced against appellant had been the patient information cards of the undercover agents whose investigation had led to appellant's former prosecution, we should hold that appellant was entitled to discharge. In fact, however, the evidence consisted of 1,467 patient information cards. Accordingly, the charges do not arise from a single criminal episode and appellant is not entitled to relief under § 110(1). The same reasoning leads us to find that the "same criminal episode" test of *Campana, supra,* was not met.

### 2

Appellant next argues that the Commonwealth failed to prove all elements of the inventory charge, 35 P.S. § 780–113(a)(28), which prohibits: "The furnishing of false or fraudulent material information in, or omission of any material information from any application, report, or other document required to be kept or filed under this act, or any record required to be kept by this act."

Records required by the act are, in turn, specified in § 780–112 and include: (a) and (b) names and addresses of the suppliers of a controlled substance and the persons it is distributed to, the quantities and dates of the transactions; and (c) by incorporation, federal and other state inventory requirements for controlled substances.[5]

5. 35 P.S. § 780–112 provides:
    (a) Every person who sells or otherwise distributes controlled substances, shall keep records of all purchases or other receipt and sales or other distribution of such substances for two years from the date of purchase or sale. Such records shall include the name and address of the person from whom purchased or otherwise received or to whom sold or otherwise distributed, the date of purchase or receipt or sale or distribution, and the quantity involved: Provided, however, That this subsection shall not apply to a practitioner who dispenses controlled substances to his patients, unless the practitioner is regularly engaged in charging his patients, whether separately or together with charges for other professional services, for substances so dispensed.
    (b) Every practitioner licensed by law to administer, dispense or distribute controlled substances shall keep a record of all such substances administered, dispensed or distributed by him, showing the amount administered, dispensed or distributed, the date, the

■ Appellant argues that he may not be found to have failed to meet the requirements of subsection (c) because the Commonwealth failed to introduce any evidence relating to the inventory requirements of either state or federal law. On appeal, the Commonwealth cites a federal statute which would seem to apply to the appellant. However, the time for citation to such authority was at trial, not on this appeal. The Commonwealth now asserts that subsections (a) and (b) also contain material required by § 780–113(a)(28). This argument must be disregarded, for the record shows that the criminal complaint filed against appellant made specific mention only of subsection (c). Accordingly, we reverse appellant's conviction on this count.

### 3

Appellant was also found guilty of violating § 780–113(a)(21), which prohibits "the refusal or failure to make, keep or furnish any record, notification, order form, statement, invoice or information required under this act."

■ Appellant argues that his conviction for failure to keep records required under § 780–113(b) (see footnote 5 *supra*) was de minimis. We cannot agree. The Commonwealth presented testimony indicating substantial noncompliance with § 780–113(b).

Affirmed in part, reversed in part. Judgment of sentences are vacated and the case is remanded for resentencing on Count 1.

name and address of the patient, and in the case of a veterinarian, the name and address of the owners of the animal to whom such substances are dispensed or distributed. Such record shall be kept for two years from the date of administering, dispensing or distributing such substance and shall be open for inspection by the proper authorities.

(c) Persons registered or licensed to manufacture or distribute or dispense a controlled substance, other drug or device under this act shall keep records and maintain inventories in conformity with the record-keeping, order form and inventory requirements of Federal law and with any additional regulations the secretary issues. Controlled substances in Schedules I and II shall be distributed by a registrant to another registrant only pursuant to an order form.

CERCONE, J., did not participate in the consideration or decision of this case.

WATKINS, President Judge, joins in this opinion.

VAN der VOORT, J., files a concurring opinion in which WATKINS, President Judge, and PRICE, J., join.

VAN der VOORT, Judge, concurring:

While I agree with most of the discussion and concur in the conclusions reached by the Majority, I differ in my analysis with respect to the appellant's claims under the provisions of the Crimes Code set forth in 18 Pa.C.S. § 110.[1]

The appellant claims that the second prosecution is violative of the provisions of subsection (1) of § 110, and the Majority, while concluding that the claim lacks merit, finds that subsection to be applicable to the inquiry presented in

1. That statute provides, *inter alia*:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

this case. In my opinion, however, subsection (2) is unquestionably applicable in the circumstances here present. Subsection (1) applies in the circumstances where the ". . . former prosecution resulted in an acquittal or in a conviction . . .", while subsection (2) is relevant when the ". . . former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside . . .". As noted in the Majority Opinion, a defense demurrer had been sustained at the trial of the first charges against appellant and in my view, this was clearly "a final order or judgment for the defendant" within the meaning of subsection (2). See 19 P.S. § 481.

Subsection (2) bars a subsequent prosecution only when the final order or judgment in the prior prosecution ". . . necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense". The record establishes that the initial prosecution of the appellant was for allegedly failing to properly examine patients on nineteen occasions when drugs were dispensed or prescribed, assertedly in violation of 35 P.S. § 780–113(14). However, the later prosecutions, now the subject of this appeal, were based upon claimed failures to observe record keeping and inventory requirements of the law, as set forth in 35 P.S. § 780–113(21) and (28). No determination of fact necessarily made as a result of the discharge of appellant on the initial charges is apparent nor has any been suggested which would result in any inconsistency when conviction resulted upon the second prosecution.

Thus, while I differ from the Majority and find subsection (2) to be applicable in the instant case, I quite agree that the appellant's contentions under § 110 are devoid of merit. In all other respects, I support the Majority Opinion.

WATKINS, President Judge, and PRICE, J., join in this concurring opinion.