410 A.2d 1264

**COMMONWEALTH of Pennsylvania**

v.

**Alan H. COHEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Sept. 28, 1979.

Stephen J. Folkman, Philadelphia, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

92

PRICE, Judge:

The instant appeal is from appellant's conviction for speeding under The Vehicle Code of 1959, Act of April 29, 1959, P.L. 58, § 1002, *as amended*, 75 P.S. § 1002(d)(1), *repealed* Act of June 17, 1976, P.L. 162, § 7 (eff. July 1, 1977). Appellant challenges the sufficiency of the evidence citing that only one officer testified as to the manner in which he was apprehended. Finding this claim to be without merit, we affirm the judgment in the court below.

The facts pertinent to this appeal are as follows. On June 13, 1977, Lower Merion Township police officers set up a "speed trap" on Righters Ferry Road in Bala Cynwyd, Montgomery County. Officers Ryan and DiBona marked off a distance of one-eighth mile as required by The Vehicle Code. Officer DiBona was positioned at the beginning of the one-eighth mile course. When he noticed a potential violator, Officer DiBona radioed a warning to Officer Ryan who was positioned at the end of the course. Officer DiBona gave the signal "mark" over his radio when the suspected violator crossed the first part of the course. Upon hearing that command, Officer Ryan activated a stopwatch, which was deactivated when the suspect crossed the end line of the course. Appellant was timed as having traveled the course in 7.8 seconds. Officer Ryan made a quick calculation and determined that appellant was traveling at an average speed of 57.6 miles per hour. Because the posted speed limit was 25 miles per hour, Officer Ryan radioed to a third officer further down the road to apprehend appellant, and a citation was issued. Officer Ryan was the only policeman with a stopwatch.

At trial, Officer Ryan was called to testify and related the above summary. Appellant's attorney initially objected to the testimony of Officer Ryan wherein he testified to the statements made by Officer DiBona, but counsel immediately withdrew his objection. Upon completion of Officer Ryan's testimony, the Commonwealth rested its case and chose not to call Officer DiBona and the third officer, although they were in the courtroom and available to testify.

Appellant now contends that the evidence was insufficient to sustain his conviction because only one officer was called to testify as to the manner in which he was apprehended. As support for this contention, appellant relies upon § 1002(d)(1) of The Vehicle Code which provides in pertinent part as follows:

"When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time may be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, *and no conviction shall be had upon the unsupported evidence of one (1) peace officer . . .*" (emphasis added).

For the reasons stated below, we find appellant's contention to be without merit.

First, we must note that appellant has waived this theory of the insufficiency of the evidence by failing to present it in the court below. Appellant's only claim upon the completion of trial was that the statutory requirements had not been met in that both Officers DiBona and Ryan were required to possess stopwatches and participate in the actual timing of appellant. In support of this argument, appellant relied upon *Commonwealth v. Nero*, 59 D. & C.2d 224 (C.P. Elk 1972), which held that when only one officer possesses a stopwatch, and the officers are at separate positions along the measured course, the time was not actually "taken" by two policemen as required by § 1002 of The Vehicle Code.

The correctness of this interpretation was challenged in *Commonwealth v. Beck*, 100 Mont.Co.L.R. 320 (1975), a case involving different officers from Lower Merion Township who employed the same methods as Officers Ryan and DiBona. In *Beck*, Judge Stanziani, speaking for the Court of Common Pleas of Montgomery County, concluded that under this procedure both officers were "engaged in the act of taking 'such time' within the contemplation of the stat-

ute." *Id.* at 323. In 1976, this court affirmed *Beck* without an opinion. *See Commonwealth v. Beck*, 240 Pa.Super. 703, 360 A.2d 232 (1976), *allocatur refused*, 241 Pa.Super. xxxviii.

■ Confronted with our affirmance of Judge Stanziani's pronouncements in *Beck*, appellant has advanced a new theory on appeal, *i. e.* that the statute requires the *testimony* of both officers. Because he did not assert this theory in the court below in support of his insufficiency claim, appellant cannot advance it for the first time on appeal. It has, therefore, been waived. *See, e. g., Commonwealth v. Waters*, 248 Pa.Super. 123, 374 A.2d 1348 (1977).

■ Moreover, even assuming that the issue has not been waived, we find no merit in appellant's contention. Section 1002(d)(1) of the The Vehicle Code requires that the time must be recorded by at least two police officers, and that a conviction may not be based upon the *evidence* of only one officer. The statute does not require the testimony of both officers, but only that the evidence be gathered by two officers. Indeed, in *Beck*, the only officer to testify was the one who performed the actual timing, and the activities of the first officer at the start of the course were entered as per a stipulation of counsel. In most cases we can foresee the necessity of having both officers testify, since a timely objection to the testimony by one officer as to the statements of the other officer would be sustained on the grounds that it is inadmissible hearsay. *See Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976); *Eller v. Work*, 233 Pa.Super. 186, 336 A.2d 645 (1975). In the instant case, however, appellant withdrew his objection on this basis. The testimony of Officer Ryan regarding the oral communications from Officer DiBona was properly admitted and may be accorded substantive value. *See Jones v. Spidle*, 446 Pa. 103, 286 A.2d 366 (1971); *Commonwealth v. Boden*, 399 Pa. 298, 159 A.2d 894, *cert. denied*, 364 U.S. 846, 81 S.Ct. 89, 5 L.Ed.2d 70 (1960). The evidence was therefore sufficient to satisfy the statutory requirements and to support appellant's conviction of the offense charged.

The order of the trial court is affirmed.