419 A.2d 1378

**COMMONWEALTH of Pennsylvania**

v.

**Christopher H. MILLER, Appellant.**

Superior Court of Pennslyvania.

Argued Nov. 16, 1979.

Filed May 23, 1980.

Reargument Denied Aug. 29, 1980.

Petition for Allowance of Appeal Denied Nov. 5, 1980.

104

Carl M. Moses, Sharon, for appellant.

David B. Douds, Assistant District Attorney, Mercer, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, HESTER, and CAVANAUGH, JJ.

PRICE, Judge:

Appellant appeals from the order of the court of common pleas denying his motion to quash the information on which he is charged. The sole question on appeal is whether the information brought by the Commonwealth violates appellant's right against being twice placed in jeopardy. For the

reasons stated herein, we affirm the order of the court of common pleas.

The pertinent facts are as follows. Upon returning on July 16, 1978, from a week–long vacation, the Kettering family of Sharon, Pennsylvania discovered that their apartment had been burglarized and various belongings removed. Among the items removed were a police radio scanner and a stereo console. A police investigation ensued, and on the basis of a statement made by Mark Porterfield which implicated appellant, appellant was arrested and charged at indictment No. 305 Criminal 1978, with the theft of the police scanner, said theft occurring between July 9 and July 16, 1978. However, on the morning on which trial was to commence, Mr. Porterfield, the chief Commonwealth witness, renounced his previous account and instead maintained that he and appellant participated in a different burglary of the Kettering residence which occurred on July 15, and entitled the taking of a stereo console. The parties stipulated that at least six hours transpired between the theft of the police scanner and the theft of the stereo. This was the first time the Commonwealth had knowledge that appellant participated in the theft of the Kettering's stereo. As a result of this turn of events, the Commonwealth requested dismissal of indictment No. 305. The trial court did not grant the dismissal, but instead entered a directed verdict in appellant's favor. The Commonwealth then filed the criminal complaint challenged herein, No. 47 Criminal 1979, which charged appellant with theft by unlawful taking, theft by receiving stolen property, and criminal conspiracy–all stemming from the removal of the stereo from the Kettering residence on July 15, 1978. Appellant filed a motion to quash the indictment on the grounds that his previous acquittal on indictment No. 305 prevented the Commonwealth from subsequently charging him with theft at the same premises. The trial court found that the theft of the police scanner and the theft of the stereo were distinct incidents which involved separate entries into the Kettering residence. The trial court concluded that the second com-

plaint was not barred by double jeopardy considerations, and appellant's motion accordingly was denied.

On appeal from that order, appellant contends that the theft of the Kettering stereo was part of a continuous course of conduct or a connected series of occurrences of which the theft of the police scanner was but a part, and that the police had knowledge of appellant's involvement in the theft of the stereo at the time indictment No. 305 was filed. Appellant therefore concludes that the filing of the second criminal complaint is prohibited. We disagree.

In the case of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 845, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3169, 41 L.Ed.2d 1139 (1974), our supreme court held that double jeopardy considerations require a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a "single criminal episode." Shortly after that decision, the General Assembly put into effect section 110 of the Crimes Code which provides in pertinent part:

"Although a prosecution . . . is based on different facts [than a former prosecution], it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title . . . and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;"

Applying section 110 to the instant situation, we conclude that appellant is not entitled to discharge. To win discharge under § 110(1)(ii), appellant would have to prove that his offenses were "based on the same conduct or ar[ose]

from the same criminal episode." *See Commonwealth v. Shelhorse*, 252 Pa.Super. 475, 381 A.2d 1305 (1977). The record in the instant case reveals that indictments numbers 305 and 47 charged appellant with theft and conspiracy offenses occurring on the same premises and against the same victim. The criminal incidents represented by each indictment entailed, however, distinct entries into the same residence and were temporally separated by a period of at least six hours. Under these circumstances, we hold that the "same criminal episode" test of *Campana* and section 110 has not been met, and therefore the instant prosecution is not prohibited.

We note, additionally, that despite its diligent investigation, the Commonwealth initially was unaware of appellant's participation in the theft of the Kettering's stereo. It was only when Mark Porterfield altered his previous account of the theft that the authorities had a basis for charging appellant in connection with the stereo. In the case of *Commonwealth v. Peluso*, 240 Pa.Super. 330, 361 A.2d 852 (1976), seven rifles were stolen from one victim. At the time the first indictment was filed in that case, the police only suspected the defendant of being in possession of one specific rifle, but following defendant's acquittal on that charge, information was gained implicating him in the possession of two other rifles. The defendant was charged accordingly. In upholding the validity of the second prosecution, we stated:

"We do not believe that *Campana* or § 110(1)(ii) of the Crimes Code requires a prosecutor to charge an accused with an offense at a time when the prosecutor only suspects that the offense has been committed and has not uncovered any admissible evidence by a good faith investigation which would support a conviction for that offense." *Id.*, 240 Pa.Super. at 336, 361 A.2d at 856.

*See also Commonwealth v. Norman*, 262 Pa.Super. 45, 396 A.2d 476 (1978); *Commonwealth v. Thorton*, 247 Pa.Super. 94, 371 A.2d 1343 (1977).

■ Instantly, because at the time of the first prosecution the Commonwealth was not in possession of information connecting appellant with the stereo theft, neither section 110(1)(i) nor (ii) would preclude the Commonwealth from instituting a second prosecution. We hold, therefore, that the trial court did not err in denying appellant's motion to quash the second indictment.

The order of the court of common pleas is affirmed.