441 A.2d 1248

**COMMONWEALTH of Pennsylvania**

v.

**Robert BETHEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1981.

Filed Feb. 16, 1982.

Petition for Allowance of Appeal Denied June 2, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

█ Appellant, Robert Bethel, filed this interlocutory appeal contending that the lower court erred when it refused to dismiss the charges against him on double jeopardy grounds.[1] We disagree and affirm the order of the lower court.

At 2:00 a. m. on May 6, 1980, Appellant and two other men entered the home of Sylvester Chester, brandishing a shotgun. They tied up Chester and the other residents of the house and robbed Chester. Appellant then asked Chester about a man named Wayne. Appellant struck Chester in the mouth with a gun and another man was somehow shot. At this point, the men asked for someone named Leo, whom they were trying to find. Appellant and one man then left the house with Chester and drove to a house at 1932 60th Street, the home of Gwendolyn Wright. They arrived around 4:00 a. m. but Wright would not let them in. They returned around 5:30 a. m. and again were refused admittance. Around 7:00 a. m. they returned to Wright's home, breaking in through a window. Wright called the police but the men left before they arrived. Appellant was arrested around 10:00 a. m. when he returned to Wright's house alone. Two days later, Appellant was arrested for the crimes committed in Chester's home.

All charges were consolidated for the preliminary hearing. Sometime afterwards, however, Bills No. 1916–1925 May Term, 1980 (committed in Chester's home) were listed for trial separately from Informations No. 2086–2090 May

---

1. A pretrial order denying a motion to dismiss on double jeopardy grounds is final and immediately appealable. *Commonwealth v. Fields*, 491 Pa. 609, 421 A.2d 1051 (1980); *Commonwealth v. Nay*, 281 Pa.Super.Ct. 226, 421 A.2d 1231 (1980).

Term, 1980 (committed in Wright's home).[2] On September 23, and 24, 1980, Appellant was convicted before the Honorable Marvin Halbert on Bills No. 2088, 2090, and 2091. He was found not guilty on Bills 2086, 2087, 2089 and 2092. Appellant then filed a Motion to Dismiss Bills No. 1916–1925 on the ground of double jeopardy. Following a hearing before the Honorable Stanley Kubacki, the motion was granted as to the kidnapping charge at No. 1925 May Term, 1980, but denied as to the other charges. It is from this order that the instant appeal arises.

■ Appellant first contends that all charges arose from the same criminal episode and thus his motion should have been granted under the principles set forth in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) and the codification of those principles in 18 Pa.C.S. § 110. In order to be granted relief on this basis, Appellant must prove that the two incidents arose from the same transaction. *Commonwealth v. Shelhorse*, 252 Pa.Super.Ct. 475, 381 A.2d 1305 (1977). Two separate offenses may constitute the same criminal episode if one offense is a necessary step in the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission. *Commonwealth v. Edwards*, 264 Pa.Super.Ct. 223, 399 A.2d 747 (1979).

■ Appellant argues that all of the above events had but one criminal objective—to find the man named Leo. This theory is not borne out by the facts. The robbery and

---

**2.** The charges arising from conduct in Chester's home are: possession of an instrument of crime (No. 1916), carrying a firearm without a license (No. 1917), possession of firearm by former convict (No. 1918), recklessly endangering another person and terroristic threats (No. 1919), conspiracy (No. 1920), theft (No. 1921), simple and aggravated assault (No. 1922), robbery (No. 1923), unlawful restraint (No. 1924), and kidnapping (No. 1925). The charges from Wright's home include: possession of firearm by former convict (No. 2086), burglary (No. 2087), criminal trespass (No. 2088), conspiracy (No. 2089), possession of an instrument of crime and an offensive weapon (No. 2090), possession of a firearm on a public street (No. 1091), and theft (No. 2092).

assault of Chester were completed crimes before Leo was ever mentioned. See *Commonwealth v. Miller*, 278 Pa.Super.Ct. 103, 419 A.2d 1378 (1980) (two entries into same house six hours apart); *Commonwealth v. Zappacosta*, 265 Pa.Super.Ct. 71, 401 A.2d 805 (1979) (possession of instruments of crime after burglary was completed constituted a separate criminal episode). Nor were the crimes committed in Wright's home dependent on or attempts to conceal those committed in Chester's home. *Commonwealth v. Edwards, supra.* Thus, the two sets of charges did not arise from the same criminal episode and relief cannot be granted on that basis. See, *Commonwealth v. Lee*, 291 Pa.Super. 164, 435 A.2d 620 (1981).

■ Appellant also argues that prosecution on the weapons charges (No. 1917 and No. 1918) is prohibited because the possession was continuous. Because Appellant did not raise this issue, either in his written motion or during the hearing before Judge Kubacki, it is waived. *Commonwealth v. Cohen*, 270 Pa.Super.Ct. 90, 410 A.2d 1264 (1979).

The lower court's denial of Appellant's motion is, therefore, affirmed and the case is remanded for appropriate proceedings. We do not retain jurisdiction.

SPAETH, J., files a concurring statement.

SPAETH, Judge, concurring:

I join in the majority's opinion, but the case has an unusual aspect that I believe should be mentioned.

Appellant was convicted and sentenced for criminal trespass (No. 2088), possession of an instrument of crime and an offensive weapon (No. 2090), and possession of a firearm on a public street (No. 2091). All of these charges arose out of the events that occurred in the Wright home. In his motion to dismiss, appellant argued that the charges arising out of the events that occurred in the Chester home, *see* majority slip op. at 1249 n. 2, should be dismissed under *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973). This argument depended on the assertion that the events that

occurred in the Chester home and the events that occurred in the Wright home were part of the same criminal episode. I agree with the majority that they were not.

In his brief to us appellant argues that he should not be prosecuted on the possession charges arising out of the events that occurred in the Chester home,—*i.e.*, possession of an instrument of crime (No. 1916), carrying a firearm on a public street without a license (No. 1917), and former convict not to own firearms (No. 1918)—because "the act of possession represents a continuous course of conduct." Appellant's Brief at 20–21. Appellant did not make this argument in his motion to dismiss. However, in its brief the Commonwealth concedes that the argument has merit: "If the issue were preserved, the Commonwealth would agree that defendant's continuous possession of a weapon would not be subject to further prosecution. *See United States v. Jones*, 533 F.2d 1387 (6th Cir. 1976)." Appellee's Brief at 8.

In these circumstances I believe that it would be improper for the Commonwealth to attempt prosecution on the possession charges. It would also create needless litigation and delay. For if tried and convicted on those charges, appellant could in a PCHA proceeding assert trial counsel's ineffectiveness and have the convictions set aside.