482 A.2d 236

**COMMONWEALTH of Pennsylvania**

v.

**Terrance DOZIER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed Aug. 17, 1984.

Reargument Denied Oct. 26, 1984.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WIEAND and HESTER, JJ.

BROSKY, Judge:

This appeal is from the denial of appellant's motion to quash certain informations filed against him. Appellant contends that his prosecution on those charges is barred by his prior prosecution for a different offense arising out of the same criminal episode. 18 Pa.C.S. § 110. We find, based on the peculiar facts of this case, that no violation of that statutory prohibition would be created by his prosecution and, accordingly, affirm.

\* \* \*

The relevant procedural history is as follows. Appellant was charged in informations numbered 2705, 2706 and 2707 with terroristic threats, robbery and simple assault, respectively, for events occurring on May 12, 1981. He was also charged with informations numbered 2708, 2709 and 2710 for conspiracy, theft and robbery, respectively, for events occurring in an unrelated incident on November 3, 1981. The Commonwealth moved to continue numbers 2709 and 2710 from the second incident and proceeded to trial on the remaining charges. It is the Commonwealth's contention that it was through a mistake that information number

2708, also from the second incident, was not included in its motion to continue. This explanation is supported by the fact that the Commonwealth presented no evidence at trial relating to information number 2708; but presented evidence relating only to the first incident. The trial court, quite properly, granted a demurrer to number 2708. At this point the Commonwealth concedes that double jeopardy bars a retrial on number 2708, but wants to proceed to trial on the remaining two counts arising out of the second incident. Appellant counters that such a trial is barred by 18 Pa.C.S. § 110. His motion to quash these two informations on these grounds was denied and is appealed from here.

\* \* \*

Preliminarily, the interlocutory appealability of the order denying appellant's motion to quash informations 2709 and 2710 must be decided. The statute in question is not mandated by either the Federal or Pennsylvania constitutional protections against double jeopardy. However, it does statutorily extend the protection of those provisions. The policy considerations underlying the double jeopardy clauses are also the basic purposes of the statute before us. Because of this, the interlocutory appealability of double jeopardy claims has been applied to claims based on this statute. See *Commonwealth v. Buechele,* 298 Pa.Super. 418 at 421, 444 A.2d 1246 at 1247 (1982). In short, this appeal is properly before us.

\* \* \*

The relevant statutory provision states:

*When prosecution barred by former prosecution for different offense*

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prose-

cution for the same offense) and the subsequent prosecution is for: . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . .

18 P.S. § 110.[1]

 Section 109, referred to above, defines acquittal as follows: "There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact *or in a determination that there was insufficient evidence to warrant a conviction.*" 18 Pa.C.S. 109(a), (emphasis supplied). When the trial court granted a demurrer it was, definitionally, making the sort of determination underlined above.[2] In

---

1. This statute was modeled closely on § 1.07(2) of the Model Penal Code which reads:

 (2) *Limitation on Separate Trials for Multiple Offenses.* Except as provided in Subsection (3) of this Section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

 The same prohibition against separate trials of charges arising out of the same incident was created first by case law after § 110 was passed but before it went into effect. *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973). After remand from the U.S. Supreme Court, *Pennsylvania v. Campana,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), the Pennsylvania Supreme Court clarified that its decision in *Campana* I was based, not on the Pennsylvania or United States double jeopardy clauses, but on its supervisory power over the courts. *Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1974). In *Commonwealth v. Hude,* 500 Pa. 482 at 488, 458 A.2d 177 at 180 (1983), that court stated that, "Any treatment of an alleged *Campana* rule violation as a separate and distinct claim from an asserted section 110 violation is misleading." Accordingly, this case will be treated solely with reference to section 110.

2. See also *Commonwealth v. Shelhorse,* 252 Pa.Super. 475, 381 A.2d 1305 (1977).

terms of there having been an "acquittal" of information number 2708, that element of § 110 was met *sub judice*.[3]

\* \* \*

■ The Commonwealth, while admitting that the facts of this case bring it under the provisions of § 110, would have us not apply its sanctions here—on the theory that it was only by mistake that information number 2708 was not continued along with the other charges arising out of the same incident. We reject that basis for vitiating a § 110 violation.

While, under the circumstances of this case, the explanation that a mistake was made is quite credible, that is quite beside the point. Procedural requirements, such as § 110, cannot be selectively enforced only when their violation did not occur on a good faith basis. A mistake standard would not only be difficult to establish as a practical matter, but would tend to encourage less than truthful allegations. An additional consideration is most convincing here. That the violation was the result of a mistake would not mitigate the fact that the purposes underlying the statute were nonetheless not served.

Those purposes were detailed in *Commonwealth v. Green*, 232 Pa.Super. 134 at 141–2, 335 A.2d 493 at 496 (1975).

> The purpose of such a requirement as expressed by the courts of this Commonwealth is to avoid harassment and oppression of the citizen through repeated efforts by the authorities to obtain a conviction, and to protect societal interest against piecemeal litigation which drains judicial and professional resources.

3. The Commonwealth concedes, and we have independently determined that the other elements necessary for a case to come under § 110 are also present here. Namely, all three charges did arise from the same incident; that this was known to the prosecutor; that all charges were within the jurisdiction of a single court; and that the court did not order separate trials.

Further, while waiver can obtain on this issue, *Commonwealth v. Bethel*, 295 Pa.Super. 312, 441 A.2d 1248 (1982), defendant need not move for consolidation, *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978). The record reveals that appellant has not waived this issue through failure to preserve it below.

See also *Commonwealth v. Breitegan*, 276 Pa.Super. 181 at 187, 419 A.2d 155 at 158 (1980). The effect of harassment and of wasted resources would be quite unabated by the fact that the violation occurred through inadvertence, rather than intentionally.

\* \* \*

The purposes of the rule of law in question here are relevant in another sense. "It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed." *Commonwealth v. Beatty*, 500 Pa. 284 at 291, 455 A.2d 1194 at 1198 (1983). The Supreme Court used that language in deciding not to apply this same § 110(1)(ii) to cases involving Motor Vehicle Code offenses.

Under the particular facts of this case, we conclude that enforcement of the statute would not serve its purposes. Because appellant would have undergone two trials in any event he was not subjected to any extra harassment by virtue of the § 110(1)(ii) violation.[4] An *essential* part of that lack of harassment was the absolute lack of any evidence having been presented at trial for the # 2708 charge. Similarly, a waste of judicial and professional resources did not result from the inclusion of the # 2708 charge in the trial. The trial would have proceeded on the charges from the first episode without the inclusion of the # 2708 charge.

Because the purposes of the statute would not be furthered by its enforcement in this particular case, we will not enforce it here.

The order dismissing the motion to quash information numbers 2709 and 2710 is affirmed.

WIEAND, J., filed a dissenting opinion.

4. The two trials would have taken place for each of the sets of charges arising out of the two unconnected criminal episodes.

WIEAND, Judge, dissenting:

I respectfully dissent. If the provisions of 18 Pa.C.S. § 110 are applicable to the facts of this case, as the majority holds, then this Court cannot properly refuse to enforce the statute's bar of a second trial. Where a statute has been duly enacted by the legislature, this Court should not apply it selectively. If exceptions to the statute are to be created, they must be created by the legislature. They should not be created on an ad hoc basis by a court when it finds the result of enforcement harsh or unwise under the peculiar circumstances present in a particular case. Although I share the majority's concern for cautious application of a statute which permits a person accused of crime to evade prosecution on grounds unrelated to guilt or innocence, I am unwilling to pay the price of selective, non-uniform enforcement of the statutory law of this Commonwealth.

I would enforce the provisions of 18 Pa.C.S. § 110 and discharge the defendant.