## Commonwealth v. Albright

*Edward E. Guido, assistant district attorney,* for the Commonwealth.
*David Hershey,* for defendant.

HESS, *J.,* December 17, 1990—This matter is before the court on the defendant's pre-trial motion to dismiss. He contends, in short, that inasmuch as the district justice dismissed the original charge in this case, the subsequent refiling and present rehearing of the case is improper. There is no dispute concerning the procedural background.

On July 1, 1990, the defendant was issued a citation by Trooper Sattazahn of the Pennsylvania State Police for travelling 124 miles-per-hour in a 55 miles-per-hour speed zone. A hearing was scheduled before District Justice Donald Daihl for July 23, 1990, at 1 p.m. Proper notice was sent to Trooper Sattazahn's headquarters. The time of the hearing, however, was improperly posted to the duty roster by the officer in charge and when Trooper Sattazahn returned to work on July 23, following his vacation,

he was mistakenly informed that the hearing before District Justice Daihl was scheduled for 1:30 p.m.

On the morning of the hearing, Trooper Sattazahn responded to an accident with injuries. He was involved in this case until approximately 12:30 p.m. when he left the Chambersburg Hospital. Knowing that he would arrive at the District Justice's Office by 1:30 p.m., he did not radio ahead to indicate to the district justice that he would be delayed. At 1:15 p.m., Trooper Sattazahn having not yet arrived, the district justice called the hearing to order. No witnesses were sworn and no testimony was taken. Despite a request by the defendant that he be found "not guilty," the district justice simply dismissed the citation, having expressed curiosity as to why the trooper was not present. Several minutes later, Trooper Sattazahn arrived at the District Justice's Office where he learned that the charge had been dismissed. He immediately filed a new citation alleging the same violation. There is no question that the citation was refiled within the appropriate statute of limitations. Following hearing on the refiled citation, the defendant was found guilty and the instant appeal followed.

The defendant contends, first, that the Rules of Criminal Procedure do not contemplate the dismissal of a summary citation under the circumstances presented by this case. In support of this contention, the defendant cites Rule 90 of the Pennsylvania Rules of Criminal Procedure the text of which is as follows:

*"Rule 90. Defects in Form, Content or Procedure—Summary Cases*

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons or warrant, or a defect in the procedures of this chapter, unless the defendant raises the defect before the

conclusion of the summary trial and the defect is prejudicial to the rights of the defendant.''

From this rule, the defendant gleans (in what borders on sophistry) that the dismissal of a summary citation for failure of the Commonwealth to appear is somehow improper. Rule 90, however, delimits the circumstances under which a citation may be dismissed because of a defect in form or content or some other violation of the Rules of Summary Procedure. Nowhere in the rule is there a suggestion that such defects are the *sole* basis warranting the dismissal of a citation. The district justice may dismiss citations for other reasons, including the failure of the Commonwealth to prosecute. We hasten to add that while such a dismissal is not improper, another option, where the district justice suspects that the failure of a party to appear has resulted from inadvertence or innocent mistake, would be a brief deferral of the matter to determine the reason for the non-appearance.

As we have noted, the district justice refused to enter a verdict of not guilty. As District Justice Daihl no doubt realized, an adjudication of the merits of the case raises implications of double jeopardy of constitutional proportion. *Commonwealth v. Grazier,* 481 Pa. 622, 630-631, 393 A.2d 335, 339 (1978). Not only was there no adjudication on the merits but there was, in fact, no testimony. As a matter of federal constitutional law, in non-jury proceedings there is generally no attachment of double jeopardy until the first witness is sworn. *See, Commonwealth v. Carson,* 259 Pa. Super. 183, 393 A.2d 778 (1978). The identical principle is embodied in section 109 of the Crimes Code entitled ''[w]hen prosecution barred by former prosecution for the same offense.'' One of the several circumstances in which a subsequent prosecution is barred includes

the situation where a former prosecution was improperly terminated "after the first witness was sworn but before a verdict." 18 Pa.C.S. 109(4).

The defendant also argues that a subsequent prosecution, in this case, is barred under subsection (1) of Crimes Code section 109. That provides that a subsequent prosecution is barred by a former prosecution where:

"(1) [T]he former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction."

In this case, there was no determination that the evidence was insufficient to warrant a conviction. A determination that there is insufficient evidence is a clear reference to the grant of a demurrer. *Commonwealth v. Dozier,* 333 Pa. Super. 188, 482 A.2d 236 (1984). Here, the district justice made no determination concerning the sufficiency of the evidence.

In a supplemental brief in support of his pre-trial motions, the defendant refers us to *Commonwealth v. Lyons,* 395 Pa. Super. 184, 576 A.2d 1105 (1990), wherein the Superior Court determined, inter alia, that double jeopardy had attached to a prior trial on a count of driving after suspension. The holding in *Lyons* does not apply to the case at bar for the reason that it involved a case where the district justice had dismissed the charge *after having taken testimony.*

The instant case presents circumstances virtually identical to that in *Commonwealth v. Doe,* 72 D.&C. 2d 570 (1974). There the Bucks County court specifically addressed the situation where the district justice had dismissed a citation because of the Commonwealth's failure to appear. The *Doe* court held that since no witnesses had been sworn, jeop-

ardy had not attached nor was a prosecution barred under the provisions of sections 109 or 110 of the Crimes Code. As the court noted:

"It is not unusual for a prosecution to be aborted prior to the attachment of jeopardy with the right preserved in the Commonwealth to reinstitute the prosecutorial proceedings against the defendant for the same charge of crime. The Commonwealth is free to proceed with prosecution on the same charges, even after nolle pros has been entered, assuming that there is no bar by the statute of limitations." *Doe*, 72 D.&C. 2d at 575.

The court went on to state:

"We are satisfied that nothing occurred in the office of the district justice of the peace which would bar the . . . proceedings before us. He neither made a finding of guilt or innocence nor did he decide any facts which would give rise to any kind of a collateral estoppel. He decided nothing because he heard nothing. He merely discharged the proceedings because of the failure of the Commonwealth to present any evidence whatsoever." *Doe, supra* at 578.

We believe the above language applies equally to the case at bar. We recognize the annoyance to the defendant of having to face a second filing of the same citation. We believe, however, that it results from an innocent mistake by the police officer and involves mere inconvenience to the defendant as opposed to a violation of any constitutional or statutory right.

## ORDER

And now, December 17, 1990, the petition of the defendant in the nature of a pre-trial motion to dismiss is denied.