J-S14023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL STROK | : | |
| | : | |
| Appellant | : | No. 959 MDA 2023 |

Appeal from the Order Entered June 13, 2023
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003348-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: OCTOBER 18, 2024**

Paul Strok appeals from the order entered in the Luzerne County Court of Common Pleas denying his motion to dismiss on the basis of the compulsory joinder rule.

On October 5, 2022, the Commonwealth executed a search warrant at Strok's residence to investigate suspected child pornography. Based on that search, the Commonwealth arrested Strok that day. The Commonwealth charged Strok with two counts of sexual abuse of children.[1] The charges related to Strok's dissemination and possession of child pornography between June 6, 2022, and October 5, 2022.

_____

[1] 18 Pa.C.S.A. § 6312(c), (d).

Strok filed a motion to dismiss the child pornography charges on April 12, 2023. As set forth in the motion to dismiss, the Commonwealth also had recovered methamphetamine and hypodermic needles while executing the search warrant. The Commonwealth separately charged Strok on the drug charges, and Strok entered a guilty plea. Strok argued that, due to this plea, Pennsylvania's compulsory joinder statute, 18 Pa.C.S.A. § 110, barred the Commonwealth from proceeding on the child pornography charges in this matter.

The trial court denied the motion and certified that the claim was non-frivolous, which gives this Court jurisdiction to review the interlocutory order.[2] Strok raises one issue for our review:

> 1. Did the trial court err as a matter of law or abuse its discretion in failing to dismiss the charges in the present matter where [Strok] had been prosecuted for and convicted of a criminal offense that was based upon the same criminal conduct or arising from the same criminal episode which was known to the prosecuting officer in the same judicial district as those in the present matter in violation of the compulsory joinder rule under 18 Pa.C.S.A. § 110(1)(i) & (ii)?

Appellant's brief, at 4.

_____

[2] "It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." **Commonwealth v. Barber**, 940 A.2d 369, 376 (Pa. Super. 2007) (citation omitted). While section 110 offers a statutory basis for relief, we may review it as implicating a double jeopardy concept. **See Commonwealth v. Dozier**, 482 A.2d 236, 238 (Pa. Super. 1984) (accepting interlocutory appeal of order denying dismissal under § 110). We commend the trial court for taking this cautionary step. Having established our jurisdiction, we turn to the sole claim raised by Strok.

"Where the relevant facts are undisputed, the question of whether prosecution is barred by the compulsory joinder rule, 18 Pa.C.S.A. § 110, is subject to plenary and *de novo* review." **Commonwealth v. Brown**, 212 A.3d 1076, 1082 (Pa. Super. 2019) (citation omitted). The compulsory joinder statute states, in pertinent part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense; or

18 Pa.C.S.A. § 110(1)(i)-(ii).

Section 110 offers statutory protection in the successive prosecution scenario. The critical question in a successive prosecution claim is whether the separate offenses are part of the same "criminal episode," a term which "can be amorphous and troublesome to apply." **Commonwealth v. Bracalielly**, 658 A.2d 755, 761 (Pa. 1995). It is well-settled, however, that "charges which

are based upon the same conduct or arise from the same criminal episode or transaction" must be consolidated for trial. ***Commonwealth v. Tarver***, 357 A.2d 539, 540-41 (Pa. 1976).

> Section 110(1)(ii) requires compulsory joinder where:
>
> (1) the former prosecutions resulted in an acquittal or in a conviction; (2) the instant prosecutions are based on the same criminal conduct or arose from the same criminal episode as the former prosecutions; (3) the prosecutor was aware of the instant charges before the commencement of the trials on the former charges; and (4) the instant charges and the former charges were within the jurisdiction of a single court.

***Bracalielly***, 658 A.2d at 760 (citation omitted). "Each prong of this test must be met for compulsory joinder to apply." ***Commonwealth v. Fithian***, 961 A.2d 66, 72 (Pa. 2008). Because we conclude that the second requirement is dispositive of our review, we focus on that requisite element.[3]

_____

[3] We briefly address the other three prongs. Beginning with the first, the Commonwealth's brief claims that the "former prosecution" is the current docket because those charges were first in time. ***See*** Commonwealth's Brief, at 7 ("Here, [Strok] has yet to be convicted or acquitted on the former prosecution. It is undisputed that the above captioned docket was filed first in time on October 5, 2022, with docket MJ-11201-CR-008-2023 being filed later on January 27, 2023."). We can find no authority to establish that the "former prosecution" is defined by reference to which case was filed first in time. The statute defines "former prosecution" with respect to the result of the case, not the chronological order in which it was filed. Section 110 bars a successive prosecution if the "former prosecution resulted in an acquittal or in a conviction ….". 18 Pa.C.S. § 110(1). There is no dispute that the drug offense resulted in an earlier conviction. Accordingly, the resolved drug case is the "former prosecution" with respect to Strok's claim that this successive prosecution is barred.

*(Footnote Continued Next Page)*

- 4 -

> Generally, charges against a defendant are clearly related in time and require little analysis to determine that a single criminal episode exists. However, in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered.

*Commonwealth v. Hude*, 458 A.2d 177, 181 (Pa. 1983).

At the trial level, Strok sought relief under subsection (1)(ii), which required the trial court to determine whether the child pornography and the controlled substance charges were part of the same criminal episode as a matter of law. In this appeal, Strok submits that the trial court "lost sight of the standard provided by … *Hude*," and applied the test "in a hypertechnical manner," thus frustrating the "purposes sought to be achieved by [Section]

---

As to the third prong, the Commonwealth claims that its prosecutor was personally unaware of the pending child pornography charges when the drug case was resolved. We do not question the veracity of the Commonwealth's claim. However, its brief does not develop an argument that the test calls for an assessment of whether the individual prosecutor subjectively knew of the offenses. The test is simply which prosecution came first.

Finally, with respect to the fourth prong, the Commonwealth claims that the magisterial district court did not have jurisdiction over the child pornography charges, and therefore the cases could not have been resolved in the same jurisdiction. However, in *Commonwealth v. Johnson*, 247 A.3d 981 (Pa. 2021), a magistrate district court accepted a guilty plea to a summary traffic offense. The Commonwealth attempted to file a successive prosecution based on a felony drug charge stemming from the same criminal episode. The *Johnson* Court held that compulsory joinder applied, notwithstanding the fact that the magistrate lacked jurisdiction over that felony. "The ultimate purport, with respect to the summary-and-greater-offenses paradigm, is that the Commonwealth must generally assure that known offenses are consolidated at the common pleas level, when they arise out of a single criminal episode and occur in the same judicial district." *Id*. at 987.

110" and the compulsory joinder statute." Appellant's Brief, at 18-19 (citation omitted). Strok's assessment that the charges were part of the same criminal episode derives from the fact all evidence for the crimes was recovered on October 5, 2022, when the warrant was executed. Strok points out that in a voluntary statement to the police he confessed to using methamphetamines while browsing the internet, which, in his view, established a basis to charge him with the possessory offenses alongside the child pornography charges. Strok emphasizes the decision in *Hude* holding that merely because the charges involve separate facts and/or separate legal elements, this does not necessarily mean those offenses are not part of the same criminal episode.

In *Hude*, our Supreme Court stated that most cases "presented little difficulty in determining when multiple charges arose from the 'same criminal episode.'" *Hude*, 458 A.2d at 181. The issue in *Hude* was whether eleven separate sales of drugs occurring over three months were all part of the same criminal episode, in which case all charges would have to be joined. The prosecution first proceeded to trial on three of the charges, which resulted in an acquittal. The Commonwealth then sought to try Hude on the remaining eight charges. The Court held that the successive prosecution was barred, stressing that an episode is "not . . . limited to acts which are immediately connected in time." *Id*. at 182. The logical relationship between the charges must also be considered, and where there is a "substantial duplication of factual and/or legal issues," there is a logical relationship and thus the charges

are part of the same criminal episode. That was the case in **Hude**. Simultaneously, the "mere fact that the additional statutory offenses involve additional issues of law or fact," does not preclude a finding that the offense are part of the same episode, as the "logical relationship test does not require an absolute identity of factual backgrounds." **Id**. at 181 (quotation marks and citation omitted).

In **Commonwealth v. Walter Stewart**, 425 A.2d 346 (Pa. 1981), police stopped and frisked the defendant at approximately 9:20 p.m. The search revealed a firearm, followed by the discovery of ten packets of heroin near Stewart. The Commonwealth proceeded separately on the firearm and drug charges, and the Pennsylvania Supreme Court held that the charges were part of one criminal episode. The charges in **Stewart** were clearly temporally and logically related due to the fact that a single search of the defendant revealed the evidence in support of both charges. The same police conduct led to the discovery of the drugs and gun, and thus there was a clear overlap of fact witnesses for both charges.

Here, as the undisputed facts indicate, the investigation of the child pornography charges overlaps with the drug offense in the sense both crimes took place within Strok's home and the evidence in support of both crimes was uncovered during the same search at the same time. These are the temporal and logical connections that require joinder. It is unavoidable that evidence of the entire search, which reveals the elements of both sets of

charges, will be required at trial for each charge.[4] There is substantial duplication of factual issues, combined with legal issues, which cannot be considered *de minimis*. Although we respect the reasoning of the trial court that these offenses were not logically or temporally related, our close review of the record and the pertinent law compels the conclusion that **Commonwealth v. Walter Stewart** governs the instant case.

Instantly, Stok's child pornography and drug related charges were closely related in time. Stok had possession of both while in his residence and at the same time. The record established his possession of the drugs was concomitant with the possession of the child pornography. The trial court, in its well-written and comprehension Opinion, summarized the undisputed factual background of the search:

> In this matter, law enforcement received information from the National Center for Missing and Exploited Children that videos of suspected child pornography were downloaded on June 6, 2022 via a Yahoo email account of pstrok.67@yahoo.com yahoo.com which was also associated with a person using a Verizon account phone with the number 570-550-4055. Subpoenas for those Verizon and Yahoo accounts indicated that both were associated with the Appellant. Based upon that information, and additional investigation, a search warrant was issued for the Appellant's residence at 124 Delaware Avenue, West Pittston, Luzerne County, Pa, to search for additional evidence of suspected child pornography.
>
> On October 5, 2022, police served and executed the search warrant at the Appellant's residence. Luzerne County Detectives Neil Murphy and Charles Balogh encountered the Appellant at his

---

[4] Further necessitating a consolidated trial is the evidence that Strok acknowledged to the police that he used the drugs while browsing the internet.

residence while executing the warrant. After agreeing to be interviewed by Detective Murphy, the Appellant ultimately admitted to downloading child pornography on June 6, 2022. During that same interview, he suggested that he views child pornography when he is intoxicated by drugs.

While the Appellant was being interviewed by Detective Murphy, Patrolman Robert Shupp, of the West Pittston Police Department, who was then assisting with the warrant, was searching the residence and came across a number of hypodermic needles in Appellant's bedroom. The Appellant signaled to Patrolman Shupp and told him where he would find methamphetamine. Patrolman Shupp found the controlled substance where the Appellant said it would be and took the item into evidence. Patrolman Shupp sent the suspected drug evidence to the PSP Laboratory.

Opinion, 9/11/2023 at 1-2. Therefore, the drug and child pornography charges are all related to the efforts of the three law enforcement officers, Detectives Murphy and Balogh, Officer Burgess, and Patrolman Shupp, and require their testimony to explain the scope of the search conducted on October 5, 2022. The testimony of all three will overlap in the presentation of both the child pornography and the drug charges. Accordingly, the factual duplication between the two sets of charges is substantial.

As to the nature of the offenses, the drug and the child pornography charges involved continuing possessory offenses which consisted of the possession of the methamphetamine and the pornography at precisely the same time. **See Commonwealth v. Edward Stewart**, 473 A.2d 161, 164 (Pa. Super. 1984) (offenses of carrying a firearm and possession of heroin are both "possessory offenses" which constitute the same criminal episode, citing to **Commonwealth v. Walter Stewart**, **supra**).

- 9 -

As the decision of the Pennsylvania Supreme Court in **Commonwealth v. Walter Stewart**, *supra*, is binding upon this Court in our consideration of whether the offenses herein arose from "the same criminal episode", we are constrained to reverse.

Order reversed. The charges at CP-40-CR-0003348-2022 Luzerne County are dismissed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/18/2024