526 A.2d 408

**COMMONWEALTH of Pennsylvania**

v.

**Juan ADAME, Appellant.**

Superior Court of Pennsylvania.

Argued March 4, 1987.

Filed May 20, 1987.

Melaine S. Rothey, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before CAVANAUGH, POPOVICH and
MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common
Pleas of Allegheny County finding the appellant, Juan
Adame, guilty of the summary offense of obstructing public
passage (18 Pa.C.S. § 5507) and imposing a sentence of ten
(10) days imprisonment and a three-hundred dollar ($300.00)
fine plus costs. We reverse.

The facts reveal that on the 4th day of June, 1985, at
approximately 10:50 p.m., Glassport police officer Val Uziel
was on duty and observed at least ten (10) youngsters (age
twelve to sixteen) and the appellant congregating on the
sidewalk in front of a business establishment (Open Pantry)
situated at the busiest intersection in town. Open Pantry
had previously requested the police to keep the area in front
of its establishment clear and to remove anybody gathering
there because this interfered with its business. Since it is
patronized by mostly older people, they refuse, in the words
of the officer, to go into the establishment when they see a
"gang of kids" there, as was the case on the evening in
question.

The officer told the appellant on four separate occasions
that evening to leave. In fact, the third time the officer
recalls stating:

We told him what he is doing wrong. We told him to
move on, he is obstructing the public passages and also
he is interfering with this place of business.

Nonetheless, albeit the youngsters would leave at the offi-
cer's direction, the appellant would remain and, "by his
actions", would prompt the gathering of another group "to
find out what he [was] yelling about." By the officer's
fourth request, the appellant's refusal to remove himself
from the premises resulted in his being cited for obstructing
public passages.

After all of the evidence was presented, the de novo
bench trial came to a close. The next day, i.e., April 29,

1986, an order was entered finding the appellant guilty as charged and imposing sentence. Attached to the order was a one page document advising the appellant of his post-verdict rights pursuant to Pennsylvania Rules of Criminal Procedure 1123 and 1410.[1] This appeal followed.

The sole issue raised for our consideration concerns the legality of the sentence. However, the merits of the contention will have to be postponed given the procedural irregularities which plague this case and, as a result, necessitate a remand.

■ First, it cannot be denied that the general post-verdict rules are applicable to summary cases appealed de novo to the Court of Common Pleas. See *Commonwealth v. Pringle*, 304 Pa.Super. 67, 450 A.2d 103 (1982); *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981). Adherence to such rules seems to have been ignored in the case at bar.

■ For example, we note the following failings of the trial court in the post-verdict area; to-wit:

1. The one page document reads:
   WITHIN TEN (10) DAYS OF THE DATE OF THIS ORDER YOU HAVE THE RIGHT TO FILE WRITTEN MOTIONS FOR A NEW TRIAL AND IN ARREST OF JUDGMENT. RULES OF CRIMINAL PROCEDURE § 1123.
   If Motions for a New Trial and In Arrest of Judgment are filed, the sentence herewith imposed will become effective upon curial disposition of such motions.
   If Motions for a New Trial and In Arrest of Judgment are not filed, the sentence herewith imposed will become effective ten (10) days from the date of this order.
   YOU ALSO HAVE THE RIGHT TO FILE A WRITTEN MOTION TO MODIFY SENTENCE WITHIN TEN (10) DAYS FROM THE DATE THIS SENTENCE BECOMES EFFECTIVE. RULES OF CRIMINAL PROCEDURE § 1410.
   Only the grounds contained in Motions for New Trial, In Arrest of Judgment, and to Modify Sentence may be raised on an appeal to an Appellate Court.
   You have the right to the assistance of counsel in filing any of the aforesaid motions. If you cannot afford counsel, the Court will appoint counsel for you.
   YOU HAVE THIRTY (30) DAYS FROM THE DATE THIS SENTENCE BECOMES EFFECTIVE TO APPEAL TO THE INTERMEDIATE APPELLATE DIVISION IF YOU SO DESIRE.

1) Failure to impose sentence in open court (see 42 Pa. C.S. § 9752 and Pa.R.Crim.P. 1405(a));

2) No record was made of the proceeding (see 42 Pa.C.S. § 9759);

3) Failure to provide the appellant with his right of allocution (see *Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980); *Commonwealth v. Brown*, 342 Pa.Super. 249, 492 A.2d 745 (1985) (en banc) (Opinion in Support of Reversal by POPOVICH, J., joined by SPAETH, P.J., BROSKY, J., and WICKERSHAM, J.));

4) Failure to state on the record the reasons for the sentence imposed (see *Commonwealth v. Mullen*, 321 Pa.Super. 19, 467 A.2d 871 (1983) (en banc); 42 Pa.C.S. § 9721(b); Pa.R.Crim.P. 1405(b));

5) Failure to articulate the amount of the fine, its due date and inquire as to the appellant's financial ability to pay [2] (see 42 Pa.C.S. §§ 9758(a), 9726(d) and Pa.R. Crim.P. 1407); and

6) Failure to advise the appellant of his post-verdict rights (see Pa.R.Crim.P. 1405(c)).

Moreover, the type of "mail-order-verdict/sentence" issued by the court below is at odds with those stated principles so cherished in our judicial system, i.e., to have hearings, proceedings, sentencings and trials conducted in an open forum and of record. These precepts are lacking as to the manner and method in which the verdict and sentence were issued. See *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 524 A.2d 933 (1987) (Opinion by POPOVICH, J., with

---

**2.** In its order of April 29, 1986, the appellant was directed "to pay fine and costs as arranged by the issuing authority." This type of deferral of the determination of the sentence was disapproved by this Court in *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 524 A.2d 933 (1987) (Opinion by POPOVICH, J., with MONTGOMERY, J. Concurring in Result and BROSKY, J. Dissenting). It is the sentencing court which must articulate its reasons for the sentence at the time it is imposed in open court. See *Commonwealth v. Mullen*, 321 Pa.Super. 19, 467 A.2d 871 (1983) (en banc). This certainly cannot occur if the original fine of the issuing authority (District Magistrate) is merely referred to without comment as to justification or the requirements of the Sentencing Code are ignored. See, e.g., 42 Pa.C.S. §§ 9759, 9758, 9756, 9755, 9752(a)(2), 9725, 9724 and 9721(b).

MONTGOMERY, J. Concurring in Result and BROSKY, J. Dissenting).

■ The error is especially glaring in regard to the circumstances surrounding the entry of the sentence. Not only was the appellant not present during the imposition of sentence, given the mail-order nature of the transmission, but the court below neglected to state of record its reasons for issuance of the sentence. See *Mullen*, supra. Thus, we are hampered in our efforts to assess the merits of the appellant's illegality of sentence argument, a subject which has not been waived for the appellant's failure to submit a modification of sentence motion within ten (10) days of imposition since the subject was not broached in open court. See *Ragoli*, supra; Rule 1405.

Thus, in light of the procedural shortcomings of this case, we do what we did in *Ragoli* and reverse the order of the trial court imposing sentence and "remand with directions that the trial court enter a finding of guilty or not guilty in accordance with accepted practice in this Commonwealth, and, if the verdict is guilty, to impose sentence as more fully detailed in the ... [*Ragoli*] opinion. Jurisdiction is not retained by this Court." Id. 362 Pa.Super. at 403, 524 A.2d at 939.

MONTGOMERY, J., concurs in the result.