530 A.2d 469

**COMMONWEALTH of Pennsylvania**

**v.**

**Rose C. MERCALDE, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 1987.

Filed Aug. 20, 1987.

Rose C. Mercalde, appellant, in propria persona.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County denying the post-trial motions of the appellant, Rose Mercalde, which, in effect, activated the judgment of sentence suspended pending the disposition of said motions. We reverse.

The record indicates that the appellant appealed the summary conviction and fine imposed by a district justice for harassment to Common Pleas Court. A non-jury trial took place on May 15, 1986. The following day, the trial court mailed to the appellant its order, which reads:

596

Div Form 129
10/19/83

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

VS.

NO. SA ___781___ 19 84

ROSE MERCALDE

## ORDER OF COURT

AND NOW, this 16TH day of MAY 19 86, after hearing, the Defendant is adjudged Guilty of the Offense of __CC 2709__ as charged and is sentenced to pay the Fine and Costs imposed by the Issuing Authority.

YOU HAVE THE RIGHT TO FILE WRITTEN MOTIONS FOR A NEW TRIAL AND IN ARREST OF JUDGMENT WITHIN TEN (10) DAYS IN ACCORDANCE WITH RULE 1123 OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE.

Only the grounds contained in such motions may be raised on appeal to the Appellate Court.

You have the right to the assistance of counsel in filing the aforesaid motions; and if you cannot afford counsel, the Court will appoint counsel for you.

The sentence herewith imposed is suspended pending the filing and disposition of motions. If no motions are filed, you have 30 days from this date to appeal to the Intermediate Appellate Division if you so desire.

ORIGINAL CITATION
DATE  6-4-84
CHARGE  CC 2709
CITATION NO. 0039508V

BY THE COURT:

Certified from the Record

NOTICE SENT

_____
Prothonotary

_____
Deputy

The appellant's counsel filed a "Notice of Appeal From Summary Conviction" challenging, inter alia, the procedural improprieties "in that the verdict and sentence, if any, were not announced in open court immediately upon the conclusion of the trial." (Point 11, Paragraph h [1])

Although the appellant did pursue such a claim in her *pro se* brief to this Court, and is not responded to by the trial court in its opinion to us, we note its existence in the course of reconstructing the facts at bar, the ability of the trial court to remedy the procedural errors, and its failure to do so.

The procedural shortcomings in the case at bar are identical to those present in *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 524 A.2d 933 (1987) (Opinion by Popovich, J., with Montgomery, J. Concurring in Result and Brosky, J. Dissenting).

Accordingly, for the reasons set forth in *Ragoli*, which are responsive to this case as well, we reverse the order of

[1] The relevant portion of the "Notice of Appeal From Summary Conviction" reads:

11. That the within adjudication of guilt against the Defendant was in violation of her constitutional rights under the Constitution of the United States of America, Commonwealth of Pennsylvania, as well as her rights under the Pennsylvania Rules of Criminal Procedure and include:

a. The Defendant was denied her right to argue in mitigation of sentence at time of sentencing and was adjudicated guilty by mail.

b. The Defendant was denied her right to argue at the demurrer stage;

c. The Defendant was denied her right to make a final argument;

d. The Defendant was denied her right to challenge the sufficiency of the evidence;

e. The Defendant was denied her right to be present at time of sentencing;

f. The Defendant was denied her right to make a statement at time of sentencing;

g. The Defendant was denied her right to present information to the Court at time of sentencing;

h. Pennsylvania Rule of Criminal Procedure Rule 63(e) was violated in that the verdict and sentence, if any, were not announced in open court immediately upon the conclusion of the trial.

i. The Defendant was improperly adjudicated guilty of the offense of Harassment where proof was not beyond a reasonable doubt.

These same claims appear at pages 5—6 of the appellant's *pro se* brief to us.

the trial court and remand for proceedings consistent with the mandate of *Ragoli.* Accord *Commonwealth v. Adame,* 363 Pa.Super. 405, 526 A.2d 408 (1987).

Order reversed and case remanded for proceedings not inconsistent with the opinion herein written.[2] Jurisdiction is not retained.

WIEAND, J., filed a concurring and dissenting opinion.

WIEAND, Judge, concurring and dissenting:

I agree with my learned colleagues of the majority that the procedure followed by the trial court to announce its verdict was defective and should be discouraged.

However, it is difficult to perceive that this procedural defect was prejudicial to any rights of the defendant. Therefore, it does not require that the guilty verdict be vacated. Cf. Pa.R.Crim.P. 90.

Although appellant's pro se brief is difficult to comprehend, my own review of the record suggests that the evidence was sufficient to support the trial court's verdict and that there was no error which compels the granting of a new trial.

Appellant also argues in her brief that she was denied the right to be heard before sentence was imposed. The record confirms that she is correct. Because the sentence was imposed by mail simultaneously with the finding of guilt, there was no separate sentencing hearing. Consequently, appellant did not have an opportunity to be heard before she was sentenced. Because this irregularity has been

2. We point out the persistent confusion generated by the simultaneous entry of a judgment of sentence and its suspension pending the filing and disposition of post-trial motions.

The better practice, as discussed fully in *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987) (Opinion by Popovich, J., with Montgomery, J. Concurring in Result and Brosky, J. Dissenting), would be to enter a judgment of sentence after post-trial motions, if any are submitted, are disposed of by the trial court.

preserved and is properly before us,[1] I would vacate the judgment of sentence and remand for resentencing.

**1.** Appellant was never told that a petition to modify the sentence was necessary to preserve sentencing issues for appellate review. Moreover, the issue of the right to be heard goes to the legality of the sentencing procedure.