538 A.2d 43

**COMMONWEALTH of Pennsylvania**

v.

**James HALL, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1987.

Filed Feb. 8, 1988.

---

334

Jack E. Reagle, Public Defender, Coudersport, for appellant.

Martha J. Duvall, Assistant District Attorney, Coudersport, for Com.

Before WIEAND, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Potter County denying an omnibus pre-trial motion to dismiss by the appellant, James Hall.[1] We affirm.

1. Albeit it is correct that a pre-trial order denying a motion to dismiss an indictment or information on double jeopardy grounds lacks the finality traditionally considered indispensable to appellate review, the United States Supreme Court has concluded that such orders fall within the "small class of cases" that *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949) has placed beyond the confines of the final-judgment rule. See *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). This

A review of the record discloses the following relevant facts: On February 10, 1986, the appellant was arrested for receiving stolen property, unlawful sale of firearms and unlawful loan on, lending or giving firearms. At the magistrate's hearing, two witnesses testified to the appellant selling them various rifles and guns. Also, a third witness (Richard Nelson) identified the items sold as having been stolen from his camp in Potter County. With the evidence presented, the magistrate concluded that a prima facie case against the appellant had been presented and bound the matter over to Common Pleas Court.

On May 5, 1986, the appellant pleaded guilty to unlawful sale of firearms. The other offenses were nol prossed by the Commonwealth. On June 5, 1986, the appellant was sentenced to a term of 1–6 months imprisonment, payment of a fine of $150 and 9 months probation. Upon completion of his sentence and term of probation, it appears that the appellant, while in a tavern, spoke to Nelson and admitted to removing the weapons from his camp site. Further, the appellant allegedly told Nelson that he could not be prosecuted for burglary since he had already served time for the weapon's offense and, thus, could not be re-charged again. Nonetheless, on February 6, 1987, the appellant was arrested and charged with burglary, theft and two counts of conspiracy.

Nelson testified at a preliminary hearing to what the appellant had admitted to him at the tavern. As a consequence, the burglary, theft and conspiracy charges were held for court. This, in turn, was followed by the submis-

is so since (1) the order is a final rejection of a criminal defendant's double jeopardy claim, (2) the double jeopardy claim is collateral to, and separable from, the principal issue at the accused's pending trial, i.e., whether or not the accused is guilty of the offense charged, and (3) the rights conferred by the Double Jeopardy clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. Id.

Since *Cohen* is followed in this jurisdiction, see *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975), we see no reason for not adhering to its rationale and taking jurisdiction of the present appeal. See generally *Commonwealth v. Davies*, 342 Pa.Super. 318, 492 A.2d 1139 (1985).

sion of an omnibus pretrial motion (similar to the pro se one presented by the appellant at the preliminary hearing) seeking a dismissal of the charges as violative of the Double Jeopardy clause of the United States Constitution and 18 Pa.C.S. §§ 109, 110. Additionally, a memorandum of law was attached to the motion buttressing the Double Jeopardy and § 110 contentions that since the 1986 and 1987 charges "both ar[o]s[e] out of the same criminal conduct or episode all of the required elements for finding a violation [of the Double Jeopardy clause and § 110] ha[d] been met."

Thereafter, a rule to show cause was issued, briefs were submitted, argument was heard and a ruling entered denying the motion to dismiss. This appeal ensued.

It is the appellant's contention on appeal that, because the present (1987) prosecution arose out of the same transaction for which he had been tried, convicted and sentenced (in 1986), the principles of collateral estoppel, double jeopardy and § 110 [2] warrant a dismissal of the charges.

More precisely, as is evident from his oral argument below and his brief to us, counsel for the appellant is of the mind that mere "knowledge" on the part of the police that a burglary had occurred at the Nelson's camp site in 1986 necessitated that the appellant be charged at that time with such an offense in conjunction with the others initially lodged against him. Failure to do so, counsel would have

---

**2.** The relevant portion of § 110 reads:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\* \* \* \* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense ....

The Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 110(1)(ii).

us believe, brings this case within the prohibition of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) and § 110 barring a subsequent prosecution because "such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial[.]" 18 Pa.C.S. § 110(1)(ii). The fact that the police may not have had sufficient evidence to either arrest or convict the appellant is of no moment. Rather, "knowledge" on the part of the police of the burglary, when viewed in conjunction with the weapon offenses brought against the appellant, renders this second prosecution as one "arising out of the same episode" as the former prosecution and, therefore, is prohibited, so argues counsel for the appellant. We disagree.

■ Initially, we will examine the claim of the appellant that his right to be free from being twice placed in jeopardy has been contravened by his arrest, and potential prosecution to follow, for burglary, theft and conspiracy associated with the Nelson camp site incident.

It is uncontroverted that the Double Jeopardy clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." In applying the Double Jeopardy clause, it has long been understood that separate statutory crimes need not be identical—either in constituent elements or in actual proof—in order to be the same within the meaning of the constitutional prohibition. See *Brown v. Ohio*, 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Thus, the principal question in this portion of the case is whether the unlawful sale of firearm offense, to which the appellant pleaded guilty in 1986, can be construed, for double jeopardy purposes, to be the "same offense" as either burglary, theft or conspiracy so as to preclude the latter's presentment in court.

The established test for determining whether offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. Unit-*

*ed States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ....

It has been stated that if the offenses under scrutiny are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions. See *In re Nielsen*, 131 U.S. 176, 187–88, 9 S.Ct. 672, 675–76, 33 L.Ed. 118 (1889); cf. *Gavieres v. United States*, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911). Thus, unless " 'each statute requires proof of an additional fact which the other does not,' ... the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment." *Brown v. Ohio*, supra, 432 U.S. at 166, 97 S.Ct. at 2226 (Footnote omitted; citation omitted).

Applying the *Blockburger* test, we find that the offense of unlawful sale of firearms necessitates proof that the seller did not have an application executed by the buyer and forwarded to the appropriate authorities, with retention of the same kept on file by the seller for six years. Such a requirement could be dispensed with if the sale were at wholesale. 18 Pa.C.S. § 6111. As for burglary, this occurs when an individual enters a building or other occupied structure with the intent to commit a crime therein. 18 Pa.C.S. § 3502(a). To prove one guilty of theft, it must be established that the property of another has been taken with the intent of depriving him thereof. 18 Pa.C.S. § 3921(a). Lastly, conspiracy requires proof that a person, with the intent of promoting or facilitating a crime, agrees with another that they or one or more of them will engage in conduct which constitutes such a crime. 18 Pa.C.S. § 903.

When the present charges of burglary, theft and conspiracy, with their attendant elements, are aligned with the firearm offense, it is beyond cavil that the facts necessary to establish a violation of the former are independent of those necessary to establish a violation of the latter. Ergo, under the *Blockburger* test, the appellant's double jeopardy claim is found wanting.

■ The same result obtains with regard to the appellant's collateral estoppel argument; to-wit, the repetition of proof required to activate the barring effect of the doctrine of collateral estoppel is absent since the second prosecution *does not* require the relitigation of factual issues already resolved by the first prosecution. See *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). For example, the issue of ultimate fact decided at the appellant's 1986 guilty plea was that he sold weapons without having the purchasers complete certain required forms prior to their receipt of the merchandise.

Accordingly, we fail to discern how the appellant's prosecution for burglary, theft and conspiracy will necessitate the relitigation of the fact that he sold weapons unlawfully in 1986. The two sets of charges require different elements of proof to sustain their violation. This is evident from a review of the elemental aspects of the unlawful sale of firearms with burglary, theft and conspiracy. As stated previously, proof of the former does not, ipso facto, establish a commission of the latter. Compare *Commonwealth v. Peluso,* 481 Pa. 641, 393 A.2d 344 (1978).

■ The fact that the police may not have had probable cause to arrest or sufficient evidence to convict the appellant in 1986 of the burglary charge has no impact, according to counsel for the appellant, upon the application of § 110's prohibition of a subsequent prosecution where the offense sought to be tried was "known" to the authorities at the time a former prosecution arising from the same criminal episode took place.

In reply to the appellant's argument, we begin by observing that the Fifth Amendment's preclusion of successive prosecutions has a caveat, which the *Brown v. Ohio,* supra, Court stated in the following fashion, i.e.,

An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.

432 U.S. at 169 n. 7, 97 S.Ct. at 2227 n. 7 (Citation omitted).

As we read *Brown,* absent the "discovery" of evidence sufficient to sustain a conviction, despite the use of due diligence, a State will not be barred from bringing a subsequent prosecution on charges arising out of the same criminal episode forming the basis of a former prosecution.

The appellant would have us believe that the ruling in *Commonwealth v. Peluso,* supra, controls the result to be reached here, i.e., dismissal of the charges. We think otherwise.

In *Peluso,* our Supreme Court concluded that the Commonwealth was collaterally estopped from prosecuting the defendant a second time for receiving stolen property (two rifles taken in the burglary of a Ray Snyder's residence). The Court did so because the ultimate fact that the appellant was not aware that a rifle taken in the Snyder burglary and linked to him was stolen, which, by the way, was the basis for a demurrer in a former prosecution, would have necessitated the relitigation of such a fact in the subsequent prosecution, and, thus, was barred by collateral estoppel.

The *Peluso* Court noted further that the securement of additional evidence from the defendant's wife, which had not been available in the former prosecution, made no difference for collateral estoppel purposes in precluding the subsequent prosecution.

Albeit our Supreme Court, in deciding *Peluso,* reversed Superior Court's initial affirmance of the second prosecu-

tion,[3] it did so on the basis of collateral estoppel (a theorem which we have found inapplicable instantly), since a repetition of proof as to an ultimate issue of fact would have transpired in the subsequent prosecution. Thus, we believe the Supreme Court left intact our language in *Peluso* that:

> We do not believe that *Campana* or § 110(1)(ii) of the Crimes Code requires a prosecutor to charge an accused with an offense at a time when the prosecutor only suspects that the offense has been committed and has not uncovered any admissible evidence by a good faith investigation which would support a conviction for that offense.

240 Pa.Super. 330, 336, 361 A.2d 852, 856 (1976), rev'd on other grounds 481 Pa. 641, 393 A.2d 344 (1978). This is borne out by the denial of a petition for allowance of appeal by our Supreme Court of *Commonwealth v. Miller*, 278 Pa.Super. 103, 419 A.2d 1378 (1980).

In *Miller*, a residence was burglarized and a police radio scanner and a stereo console were two of the items taken. On the strength of a Mr. Porterfield's statements implicating the defendant, the accused was charged with the theft of the police scanner only. However, at trial Porterfield recanted his earlier accounting and instead maintained that he and the defendant participated in a different burglary of the same residence, during which they took the stereo console. This was the first time the Commonwealth had knowledge of the defendant's involvement in the theft of the stereo console.

When the Commonwealth, because of the turn of events, sought to dismiss the indictment charging the defendant with theft of the police scanner, the trial court refused and entered a directed verdict in the defendant's favor. The Commonwealth then filed a complaint charging the defendant with theft and conspiracy stemming from the removal of the stereo from the residence in question. The defendant's efforts to have the charges dismissed on grounds of

**3.** See *Commonwealth v. Peluso*, 240 Pa.Super. 330, 361 A.2d 852 (1976), rev'd 481 Pa. 641, 393 A.2d 344 (1978).

double jeopardy proved fruitless. On appeal to this Court, the defendant urged that the officers had knowledge of his involvement in the theft of the stereo at the time he was indicted on the former charge of theft of the police scanner.

In refusing the defendant's request to dismiss the charge, this Court found that § 110(1)(ii)'s language barring subsequent prosecutions where they are "based on the same criminal conduct or arise from the same criminal episode" did not apply because the two thefts of the same residence were temporally separated by a period of at least six hours. Therefore, the "same criminal episode" test of *Campana* and § 110 did not apply.

Moreover, in affirming the lower court's denial of defendant's motion to dismiss, we made remarks germane to the case at bar; namely:

> We note, additionally, that despite its diligent investigation, the Commonwealth initially was unaware of appellant's participation in the theft of the Kettering's stereo. It was only when Mark Porterfield altered his previous account of the theft that the authorities had a basis for charging appellant in connection with the stereo. In the case of *Commonwealth v. Peluso*, 240 Pa.Super. 330, 361 A.2d 852 (1976), seven rifles were stolen from one victim. At the time the first indictment was filed in that case, the police only suspected the defendant of being in possession of one specific rifle, but following defendant's acquittal on that charge, information was gained implicating him in the possession of two other rifles. The defendant was charged accordingly. In upholding the validity of the second prosecution, we stated:

> > "We do not believe that *Campana* or § 110(1)(ii) of the Crimes Code requires a prosecutor to charge an accused with an offense at a time when the prosecutor only suspects that the offense has been committed and has not uncovered any admissible evidence by a good faith investigation which would support a conviction for that offense." Id., 240 Pa.Superior Ct. at 336, 361 A.2d at 856.

See also *Commonwealth v. Norman*, 262 Pa.Super. 45, 396 A.2d 476 (1978); *Commonwealth v. Thorton*, 247 Pa.Super. 94, 371 A.2d 1343 (1977).

Instantly, because at the time of the first prosecution the Commonwealth was not in possession of information connecting appellant with the stereo theft, neither section 110(1)(i) nor (ii) would preclude the Commonwealth from instituting a second prosecution. We hold, therefore, that the trial court did not err in denying appellant's motion to quash the second indictment.

278 Pa.Super. at 108, 419 A.2d at 1380–81.

Instantly, as in *Miller*, at the time the initial charge was brought against the appellant, the police were unaware that the accused had participated in additional crimes on the premises burglarized. In both cases, it was not until information surfaced, which was previously undiscoverable to police, (in *Miller* the key witness inculpated the defendant; at bar, the appellant made incriminating statements to the victim who relayed them to the police) that the subsequent charges were instituted.

To quote the assistant district attorney's remarks at oral argument before the lower court, which we find captures the essence of the *Miller* case,

> Certainly there was evidence that someone had broken into Mr. Nelson's camp, that a door had been kicked in or whatever, and there was nothing other than that, no evidence at the scene to point to who committed the crime. There was evidence that Mr. Hall was in possession of some weapons stolen from that camp, or acquired somehow from the camp, and there was evidence that he sold a weapon or two weapons to a third party.

Thus, the police were not obligated to bring charges against the appellant where they had failed to uncover " 'admissible evidence ... which would support a conviction for that offense.' " 278 Pa.Super. at 33, 419 A.2d at 1381 (Citation omitted); see also *Brown v. Ohio*, supra; *Commonwealth v. Davies*, 342 Pa.Super. 316, 492 A.2d 1139 (1985); *Com-*

*monwealth v. Kysor,* 334 Pa.Super. 89, 482 A.2d 1095 (1984).

Consequently, we hold that the police's lack of sufficient evidence justifying the arrest and/or conviction of the appellant for burglary, theft and conspiracy in 1986 does not bring the present prosecution for such offenses within the prohibition of § 110(1)(ii), nor is "knowledge" on the part of the police of the commission of a burglary in 1986 the equivalent of the quantum of evidence necessary to support a conviction for such a charge so as to activate the barring effect of § 110.

As a result, finding that the appellant's claims are meritless, we will affirm the order of the court below denying the appellant's motion to dismiss.

Order affirmed.

MONTEMURO, J., concurs in the result.