594 A.2d 720

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Marianna B. EDWARDS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1991.

Filed July 29, 1991.

Robert P. Vincler, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before TAMILIA, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Allegheny County denying the appellant Marianna Edward's motion to dismiss a harassment charge. We affirm the trial court's ruling but remand for further proceedings consistent with this Opinion.

Marianna Edwards was charged by summary citation with one count of disorderly conduct[1] and one count of harassment.[2] She pleaded not guilty, whereafter a trial was held before a district justice. Following the trial, Edwards was acquitted of disorderly conduct. The district justice indicated that he would render a verdict regarding the harassment charge within five days. Two days later, the district justice found Edwards guilty of harassment and imposed a fine of $300.00 plus costs of $48.50. A timely notice of appeal was filed with the Court of Common Pleas.

When Edwards appeared for her trial de novo, she presented to the trial court a motion to dismiss, asserting that double jeopardy principles precluded a re-trial on the charges.[3] The trial court denied Edwards' motion. This

1. 18 Pa.C.S.A. § 5503.

2. 18 Pa.C.S.A. § 2709(a)(3).

3. Edwards states that the filing of the motion to dismiss led to "procedural confusion." Appellant's brief, at 6. "The motion to dismiss was filed because Magistrate Russo did not rule on one of the charges brought against appellant at the time of trial, but instead mailed his decision to the appellant five days later." *Id.* Edwards now argues that she was subjected to double jeopardy violations and that the magistrate should have decided her case on the date of the trial. We will discuss these issues, *infra.*

appeal followed.[4]

Edwards raises three issues for our consideration:

1. Whether it was reversible error [that] the district justice [did] not announce [the] verdict immediately at the conclusion of trial?

2. Whether the trial court erred as a matter of law in denying [her] motion to dismiss the harassment charge?

3. Whether [Edwards] can be re-tried when she has already been found not guilty of an offense arising out of the same set of facts?

Appellant's brief, at i.

Edwards first argues that the district justice violated Pa.R.Crim.P. 83(d) and (e) by failing to announce the verdict in open court and by advising her of the verdict and sentence by mail. In support of her contention, Edwards cites *Commonwealth v. Adame*, 363 Pa.Super. 405, 526 A.2d 408 (1987).

Before we begin our analysis, we note the following. *Adame* involved a situation distinguishable and much more egregious than the one presented here. In *Adame*, the Court of Common Pleas committed many post-verdict violations. *See also Commonwealth v. Mercalde*, 365 Pa.Super. 594, 530 A.2d 469 (1987).

Here, we are asked to resolve an appeal regarding the denial of a motion to dismiss. There has been no appeal de novo on the merits of the harassment charge. The Court of Common Pleas has not made any determinations regarding the substantive aspects of this case.

Also, *Adame* was decided in 1987. At that time, this Court properly noted: "... it cannot be denied that the general post-verdict rules are applicable to summary cases

---

**4.** We base our review of the facts upon our reading of the briefs. This Court has not been provided with any notes of testimony from the trial before the district justice. The record that has been certified for appeal contains only the transcript of the proceedings before the Court of Common Pleas. It is the appellant's responsibility to certify a complete record for purposes of appellate review. *See* Pa.R.A.P. Ch. 19. In its absence, we rely on the materials properly before us at this time.

appealed de novo to the Court of Common Pleas." *Id.,* 363 Pa.Superior Ct. at 408, 526 A.2d at 409–410. The *Adame* court recognized the need to have "hearings, proceedings, sentencings and trials conducted in an open forum and of record." *Id.,* 363 Pa.Superior Ct. at 409, 526 A.2d at 410.

▮ The above principles hold true today. However, here, Edwards was advised of her appellate rights by mail following a determination by the district justice, not by the Court of Common Pleas. Pa.R.Crim.P. 84, while referring to trials held in the defendant's absence, nevertheless concludes (in pertinent part):

> (d) If the defendant is found guilty, the issuing authority shall impose sentence, and shall notify the defendant of the conviction and sentence by first class mail.

(Pa.R.Crim.P. 84 was amended in February, 1989, to include the above language. The rule became effective July 1, 1989.) The comment to Rule 84 provides as follows:

> Paragraphs (a)-(c) of this rule replace previous Rule 64. Paragraph (d), which is derived from previous Rules 64(d) and 65(e), was amended in 1989 to provide notice to the defendant of conviction and sentence after a trial in absentia to alert the defendant that the time for filing an appeal has begun to run.

In light of this provision, we find that Edwards was not prejudiced or, in the alternative, that the district justice did not commit reversible error by notifying Edwards of her conviction via regular mail. It appears that Rule 84(d) was promulgated as a procedural safeguard to insure that an accused is informed of his/her conviction, sentence and appellate rights.

We agree with Edwards that the district justice was in violation of Pa.R.Crim.P. 83. However, even under *Adame,* and pursuant to our preceding discussion, we find no prejudice to Edwards and no reason to "remand with directions that the trial court enter a finding of guilty or not guilty in

accordance with accepted practice in this Commonwealth...." *Adame*, 363 Pa.Super. at 410, 526 A.2d at 410.

Pa.R.Crim.P. 83 reads, in pertinent part:

(d) The verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial. [....]

(e) At the time of sentencing, the issuing authority shall advise the defendant of the right to appeal and trial de novo, and the time within which to exercise that right.

Here, the district justice announced the acquittal for the charge of disorderly conduct in open court. He then reserved decision on the harassment charge and told Edwards that she would be informed of the verdict within five days. Two days later, the district justice reached a verdict of guilty and informed Edwards of the verdict by mail, together with information regarding her sentence and her appellate rights. N.T., May 3, 1990, at 5. While this procedure was not in accordance with the above rules, it would serve no purpose to remand this case for procedural conformity. Edwards was cognizant of her situation. Indeed she filed a timely appeal to the Court of Common Pleas and was in no way prejudiced by the district justice's procedural deviations. Therefore, on this basis, we dispose of Edward's first claim. *See Commonwealth v. Hurst*, 367 Pa.Super. 214, 217, 532 A.2d 865, 867 (1987) (appellant in *Hurst* was not prejudiced by a procedural misstep).

▪ Edwards' remaining issues involve the principle of double jeopardy. It appears that Edwards is making two arguments: (a) that she may not be re-tried in the Court of Common Pleas regarding the charge of disorderly conduct and (b) that she may not be re-tried on the charge of harassment because she was acquitted on a related charge arising out of the same transaction.

Pa.R.Crim.P. 83(b) provides, in pertinent part:

If the defendant pleads not guilty, the issuing authority shall try the case in the same manner as trials in criminal cases are conducted in the courts of common pleas when

jury trial has been waived, however, in all summary cases arising under the Motor Vehicle Code ... or local traffic ordinances, the law enforcement officer observing the defendant's alleged offense may, but shall not be required to, appear and testify against the defendant....

Moreover, Pa.R.Crim.P. 86 provides, in pertinent part:

(a) When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within thirty (30) days *after the conviction or other final order from which the appeal is taken.* The notice of appeal shall be filed with the officer of the court of common pleas designated to receive such papers.

(f) When a defendant appeals *after conviction by an issuing authority in any summary proceeding,* upon the filing of the transcript and other papers by the issuing authority, the case shall be heard de novo by the appropriate division of the court of common pleas as the president judge shall direct....

(g) This rule shall provide the exclusive means of appealing from a summary conviction. Courts of common pleas shall not issue writs of certiorari in such cases.

*Id.* [Emphasis added]. Clearly, the rules contemplate only appeals from convictions, not from acquittals. To allow an appeal from an acquittal certainly would violate double jeopardy principles. *Commonwealth, Dept. of Transp. v. Springbrook Transport, Inc.,* 390 Pa.Super. 308, 568 A.2d 667 (1990).

However, contrary to Edwards' assertion, this issue is not before us. The trial court denied Edwards' motion to dismiss the *harassment* charge. The issue surrounding the *harassment* conviction is all that we are asked to resolve. *See also* N.T., May 3, 1990, at 18. *Cf. id.* at 20.

■ In light of the applicable law, we hold that the trial court properly denied Edwards' motion to dismiss. There is

no reason that Edwards may not be convicted of harassment simply because she was acquitted of disorderly conduct.[5] *Commonwealth v. Maute,* 336 Pa.Super. 394, 407, 485 A.2d 1138, 1145 (1984) (inconsistent verdicts are permissible if the evidence supports the verdicts). *See Commonwealth v. Anderson,* 379 Pa.Super. 589, 550 A.2d 807 (1988) (en banc) (accord). Double jeopardy principles are not implicated under these circumstances. *Cf. Commonwealth v. Harris,* 400 Pa.Super. 12, 582 A.2d 1319 (1990) (en banc). *See Commonwealth v. Ryan,* 300 Pa.Super. 156, 164, 446 A.2d 277, 281 (1982) ("The double jeopardy clause does not protect against retrial for the same offense if the conviction is set aside through the defendant's procurement."); *Commonwealth v. Beck,* 295 Pa.Super. 154, 160, 441 A.2d 395, 398 (1982) ("... the imposition of a harsher sentence in a trial de novo in the court of common pleas, following a trial in a municipal court, did not constitute double jeopardy."); *Commonwealth v. Possinger,* 264 Pa.Super. 332, 399 A.2d 1077 (1979) (accord). *See also Commonwealth v. Trill,* 374 Pa.Super. 549, 559–61, 543 A.2d 1106, 1111 (1988) (discussing inconsistent verdicts).[6]

5. Naturally, if the trial court finds that the evidence is insufficient to support her conviction, then Edwards' adjudication of guilt cannot stand. *See Commonwealth v. Griscavage,* 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986) (discussing sufficiency of the evidence test).

6. Edwards cites *Commonwealth v. Hall,* 371 Pa.Super. 333, 538 A.2d 43 (1988) to reinforce her double jeopardy argument. We find that the *Hall* case actually serves the Commonwealth's position. In *Hall,* one of the "principal question[s] ... [was] whether the unlawful sale of firearm offense, to which the appellant pleaded guilty in 1986, [could] be construed, for double jeopardy purposes, to be the "same offense" as either burglary, theft or conspiracy so as to preclude the latter's presentment in court." *Id.,* 371 Pa.Superior Ct. at 338, 538 A.2d at 46. This Court set forth the applicable rules of law, as follows:

The established test for determining whether offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.... [*Id.*]

Edwards' appeal to the Court of Common Pleas was perfected in a timely fashion and a trial de novo was scheduled. Edwards states that the filing of the motion to dismiss created "procedural confusion" (Appellant's brief, at 6), but she does not assert that she intended to relinquish her right to a trial before the Court of Common Pleas.[7] Because she was already before the Court of Common Pleas when she presented her petition to dismiss and because, therefore, she was not afforded the opportunity to be tried anew on the charge of harassment, we remand this case for a trial de novo on that charge consistent with the dictates of this Opinion. *Cf.* N.T., May 3, 1990, at 22–23.

For the foregoing reasons, we affirm the order of the trial court denying Edwards' motion to dismiss and remand this case for proceedings consistent with this Opinion.

Jurisdiction relinquished.

It has been stated that if the offenses under scrutiny are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions. Thus, unless "each statute requires proof of an additional fact which the other does not, ... the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment."

*Hall,* 371 Pa.Super. at 338–39, 538 A.2d at 46 (citations omitted).

Here, clearly, one may harass without engaging in disorderly conduct, and vice versa. "A person commits [the summary offense of harassment] when, with intent to harass, annoy or alarm another person: (3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." 18 Pa.C.S.A. § 2709(3). Comparatively, "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor. 18 Pa.C.S.A. § 5503. *Cf. Commonwealth v. Walton,* 405 Pa.Super. 281, 592 A.2d 335 (1991).

**7.** *Cf.* N.T., May 3, 1990, at 10.