600 A.2d 266

**Leroy KNIGHTON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 1991.

Decided Nov. 26, 1991.

John R. Banke, for appellant.

Catherine A. Conley, for appellee/intervenor, Borough of Plum.

Before CRAIG, President Judge, and PELLEGRINI, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

Leroy Knighton appeals an order of the Court of Common Pleas of Allegheny County which denied his post-verdict motions. After being found guilty by a district justice of violations of a municipal ordinance of the Borough of Plum prohibiting the accumulation of junk and various other debris, Knighton sought a trial de novo in common pleas court. Following a non-jury trial, the trial court, *without Knighton being present,* found him guilty of fourteen separate counts of violating the ordinance. After Knighton received notice that he had been sentenced to pay a fine of $4,169.00, he filed post-verdict motions. The trial court denied the post-verdict motions and Knighton then appealed to this court.

Knighton alleges a number of errors. Unfortunately, the procedure employed by the trial court failed to comply with various provisions of the Rules of Criminal Procedure and the Judicial Code. Additionally, as a direct result of these irregularities, Knighton's appeal is untimely under the requirements of Pa.R.A.P. 903. For the following reasons, we believe that for all parties involved, the best

resolution is to vacate the orders of the trial court and remand so that proper procedures may be followed.

As Judge Popovich of the Superior Court has aptly stated, "[I]n criminal law, an appeal is to be taken from the judgment of sentence and not an order denying either post-verdict motions ... or the reconsideration of the same, the latter of which is foreign to the Rules of Appellate Procedure when it comes to perfecting an appeal therefrom." *Commonwealth v. Ragoli*, 362 Pa.Superior Ct. 390, 397, 524 A.2d 933, 936 (1987) (citation omitted) (plurality opinion). The appealable order in this case is the judgment of sentence and this appeal was filed well beyond thirty days after the entry of that judgment. If proper procedures had been followed, however, this problem would not have arisen.

The Superior Court has correctly described the problems when a trial court fails to follow the required procedure:

> For example, we note the following failings of the trial court in the post-verdict area; to wit:
>
> 1) Failure to impose sentence in open court (see 42 Pa.C.S. § 9752 and Pa.R.Crim.P. 1405(a);
>
> 2) No record was made. of the proceeding (see 42 Pa. C.S. § 9759);
>
> 3) Failure to provide the appellant with his right of allocution ...;
>
> 4) Failure to state on the record the reasons for the sentence imposed (see ... 42 Pa. C.S. § 9721(b); Pa. R.Crim.P. 1405(b));
>
> 5) Failure to articulate the amount of the .fine, its due date and inquire as to the appellant's financial ability to pay (see 42 Pa.C.S. § 9758(a), § 9726(d) and Pa. R.Crim.P. 1407); and
>
> 6) Failure to advise the appellant of his post-verdict rights (see Pa.R.Crim.P. 1405(c)).

Moreover, the type of mail-order-verdict/sentence' issued by the court below is at odds with those stated principles so cherished in our judicial system, i.e., to have hearings,

proceedings, sentencings and trials conducted in an open forum and of record. These precepts are lacking as to the manner and method in which the verdict and sentence were issued.

*Commonwealth v. Adame,* 363 Pa.Superior Ct. 405, 408–09, 526 A.2d 408, 410 (1987) (citations and footnote omitted).

Vacated and remanded.[1]

## ORDER

NOW, November 26, 1991, the October 29, 1989 order of the Court of Common Pleas of Allegheny at No. SA 853 of 1988 is vacated. The court is directed to comply with all applicable Rules of Criminal Procedure and provisions of the Judicial Code with regard to the sentencing of criminal defendants.

Jurisdiction relinquished.

1. We recognize that these questions were not raised by either of the parties. There is no doubt, however, that we must raise jurisdictional questions, such as the failure to file a timely appeal, sua sponte.